

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **BRADLEY JEROME SMITH,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 4:20-cv-01250-ACA |
| ] | |
| **ALABAMA BOARD OF PARDONS** ] | |
| **AND PAROLES, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for the reasons set out below, the court **WILL DISMISS WITHOUT PREJUDICE** the amended complaint for failure to state a claim. The court **DENIES AS FUTILE** the motion to amend the amended complaint. (Doc. 5).

### I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court may also consider exhibits attached to the complaint. *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014).

Plaintiff Bradley Smith's amended complaint names ten defendants: (1) the State of Alabama; (2) Alabama's Board of Pardons and Paroles; (3) "Marshal

County Mental Health"; (4) Mr. Smith's parole officer, Tyler Blake; (5) state court judge Steven King; (6) Mr. Smith's former attorney, Paul Seckel; (7) Mr. Smith's mother, Tawana Smith; (8) Mr. Smith's grandmother, Wilda Smith; (9) Mr. Smith's sister, Jessica Patterson; (10) dentist Austin Baker, and (11) Mr. Smith's former housemate, Julia Williams. (Doc. 4 at 5, 23, 72).

Mr. Smith appears to assert that these defendants violated his "civil and constitutional rights" for a variety of reasons. (Doc. 4 at 3). He alleges that his mother allowed him to use drugs when he was a child and failed to prevent several people from molesting him (*id.* at 89), and his sister had something to do with him not receiving the full amount owed to him from his father's estate (*id.* at 10). He also alleges that his former attorney represented him in several proceedings until Mr. Smith terminated him for being non-responsive. (*Id.* at 14–17, 20, 23–24). He asserts that he used to live with Ms. Williams until his grandmother separated them, triggering his mental health issues. (*Id.* at 4 at 84–85). While living with Ms. Williams, he was in a car accident for which he has never been compensated. (*Id.* at 96). Mr. Smith also seeks to name Judge King as a defendant for denying a motion to amend or reduce sentence because Mr. Smith filed it *pro se*. (Doc. 4 at 72–80).

Aside from those allegations, Mr. Smith also describes a series of events arising from a dental problem. He states that his grandmother hired Dr. Baker, a

dentist, to perform some dental work on him. (Doc. 4 at 39). After the dental work, Mr. Smith's mother picked up his prescription. (*Id.* at 39). Several days later, Mr. Smith's parole officer arrested Mr. Smith for being in violation of the condition of his parole requiring him not to act "[d]etrimental[ly] to [his] health and safety or to the welfare of society." (*Id.* at 39, 46, 53). While awaiting a hearing, Mr. Smith was kept in a suicide watch cell. (*Id.* at 46, 57). The hearing officer at Mr. Smith's parole hearing found that Mr. Smith had violated a condition of his parole but that he was not a danger to himself or to others, and recommended that his parole be reinstated and that he be ordered to continue with his mental health treatment. (*Id.* at 53). After he was released, "Marshall County Mental Health" denied him treatment. (Doc. 4 at 41–42, 80). Although he had a clean urine test, his parole officer ordered him to enter a drug program. (*Id.* at 42, 46).

Mr. Smith's amended complaint does not appear to seek monetary damages, but instead requests an order requiring an investigation, medical attention, appointment of an attorney, a DNA test, an MRI, prison and medical records, and "what's mine." (Doc. 4 at 5).

After filing his amended complaint, Mr. Smith moved to amend the amended complaint. (Doc. 5). In that motion, he requests that the court stop the State from mentally abusing him, apparently relating to the requirement that he participate in a

drug program despite the fact that he has not had a positive drug test. (Doc. 5 at 1–2).

## II. DISCUSSION

When a plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the court to dismiss the case "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8 sets out the requirements for a pleading that states a claim for relief. Among other things, the pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3).

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under that standard, the court must dismiss the case if the plaintiff fails to plead "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and alteration omitted).

Mr. Smith's amended complaint does not state a claim for relief. For starters, Mr. Smith does not identify what constitutional or civil rights any of the defendants violated, nor is the basis for any of his claims apparent from the face of the amended complaint. (*See generally* Doc. 4). Although the court liberally construes filings by *pro se* parties, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), the court may not "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Specifically, although Mr. Smith names as defendants the State of Alabama and Alabama's Board of Pardons and Paroles, he asserts no facts about what either the State or the Board did that could warrant relief of any kind. Similarly, although Mr. Smith names "Marshall County Mental Health," he alleges only that it denied him treatment after he was released from prison. (Doc. 4 at 41–42, 80). The court cannot discern how this amounts to a violation of Mr. Smith's constitutional or civil rights.

Mr. Smith also names as defendants Julia Williams, Paul Seckel, and Austin Baker. Although he asserts that they violated his civil and constitutional rights, he does not allege any facts indicating wrongdoing on their parts. Mr. Smith names his

parole officer, Tyler Blake, relating to Mr. Blake's assertion that Mr. Smith violated his parole. But again, Mr. Smith's allegations do not amount to a violation of his constitutional or civil rights. With respect to Mr. Smith's mother, grandmother, and sister, his allegations certainly indicate that he has a troubled relationship with each of them, but he does not describe any facts hinting at a violation of his constitutional or civil rights.

Finally, although Mr. Smith names as a defendant Judge Steven King, he does so in relation to actions that Judge King took in his judicial capacity. To the extent Mr. Smith seeks monetary damages, dismissal is required because judges are protected by absolute immunity for acts taken within the jurisdiction of the court. *See McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018); 28 U.S.C. § 1915(e)(2)(B)(iii). To the extent he seeks to challenge the judge's ruling on his motion, a federal civil rights action is not the correct avenue to do so. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a [28 U.S.C.] § 2254 habeas petition, not a [42 U.S.C.] § 1983 civil rights action.").

Mr. Smith's amended complaint does not state a claim against any of the named defendants. Accordingly, as required by § 1915(e)(2)(B)(ii), the court **WILL DISMISS** the amended complaint **WITHOUT PREJUDICE**.

Mr. Smith has also moved to amend the amended complaint, seeking to add a request that the court stop the State from mentally abusing him. (Doc. 5). Federal Rule of Civil Procedure 15(a) requires a court to give leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). But where a proposed amendment is futile, the court need not allow the amendment. *Id.*

Here, Mr. Smith has already amended his complaint once. His proposed amendment does not cure any of the deficiencies of his amended complaint, and indeed proposes only to add a request for relief that the court cannot grant. Because justice does not requirement granting leave to amend in this case, the court **WILL DENY** Mr. Smith's motion to amend.

### III. CONCLUSION

The court **WILL DISMISS** Mr. Smith's amended complaint **WITHOUT PREJUDICE**. The court **WILL DENY** Mr. Smith's motion to amend.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this October 14, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE