FILED
2021 Jul-06 PM 01:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **BRADLEY JEROME SMITH,** | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | 4:20-cv-01250-ACA |
| | ] | |
| **ALABAMA BOARD OF PARDONS** | ] | |
| **AND PAROLES, et al.,** | ] | |
| | ] | |
| Defendants. | ] | |

## MEMORANDUM OPINION

On October 14, 2020, the court dismissed this action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (Docs. 6, 7). On July 1, 2021, Plaintiff Bradley Jerome Smith filed a letter with the court reiterating several of his allegations and adding some new factual allegations. (Doc. 8). The court construes Mr. Smith's letter as a motion for reconsideration and **DENIES** the motion for the reasons explained below.

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). Motions for reconsideration should not be a "knee-jerk reaction to an adverse ruling." *Id.* (quotation marks omitted). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v.*

*TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotation marks omitted). Rather, reconsideration is available only "when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). Mr. Smith has not met the standard for reconsideration.

For the most part, Mr. Smith's motion reiterates the same allegations that he made in his complaint and amended complaint. (*See* Doc. 4). The court has already considered those allegations in dismissing the amended complaint for failure to state a claim. (*See* Doc. 6); *Wilchombe*, 555 F.3d at 957. Mr. Smith does allege some facts that happened after the dismissal of his amended complaint. (Doc. 8 at 1). Even considering the new allegations, however, Mr. Smith's amended complaint remains deficient. Reconsideration is therefore not warranted and the court **DENIES** the motion.

**DONE** and **ORDERED** this July 6, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE